(63 Misc. Rep. 527.)

### FURNISS et al. v. FOGARTY et al.

(Supreme Court, Special Term, New York County. June 15, 1909.)

Costs (§ 164*) — Allowances Additional Thereto — Action to Determine Claim to Easement—"Real Property."

Code Civ. Proc. § 3252, provides that, "where the action is brought * * * to compel the determination of a claim to real property, * * * the plaintiff, if a final judgment is rendered in his favor and he recovers costs, is entitled to recover, in addition to the costs prescribed in the last section, the following percentages, to be estimated upon * * * the value of the property * * * the claim to which is determined." Held, that an easement is real estate, and was embraced in the words "real property," as used in such section; and so, in a case wherein an easement is claimed and its value found, the clerk should tax an item for an allowance under section 3262, prescribing the method of arriving at the allowance.

[Ed. Note.—For other cases, see Costs, Dec. Dig. § 164.*

For other definitions, see Words and Phrases, vol. 7, pp. 5939–5951; vol. 8, pp. 7778, 7779.]

Action by Sophia C. R. Furniss and others against Camille H. Fogarty and another. On motion for retaxation of costs. Granted.

Lord, Day & Lord, for the motion.
Rushmore, Bisbee, Rogers & Stern, opposed.

GIEGERICH, J. This action was brought by the plaintiffs for the purpose of procuring a determination barring a claim which the defendants made to an interest or easement in certain real estate of the plaintiffs. Judgment was rendered in the plaintiffs' favor after a trial, and among the findings contained in the decision was one that the value of the easement or incumbrance claimed was the sum of $5,850. When the costs were taxed before the clerk, the plaintiffs claimed an allowance by statute in the sum of $60, which was disallowed, and the correctness of the clerk's action in such allowance is the point to be determined on this motion.

Section 3252 of the Code of Civil Procedure, upon which the plaintiffs' claim to the allowance is based, provides as follows:

"Sec. 3252. Additional Allowance to Plaintiff in Foreclosure, Partition, etc. Where the action is brought to foreclose a mortgage upon real property, or for the partition of real property, or to procure an adjudication upon a will or

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
117 N.Y.S.—25

other instrument in writing, or to compel the determination of a claim to real property, or where, in an action, a warrant of attachment against property has been issued, the plaintiff, if a final judgment is rendered in his favor, and he recovers costs, is entitled to recover, in addition to the costs prescribed in the last section, the following percentages, to be estimated upon the amount found to be due upon the mortgage, or the value of the property partitioned, affected by the adjudication upon the will or other instrument, or the claim to which is determined, or the value of the property attached, not exceeding the sum recovered or claimed, as the case may be: Upon a sum not exceeding two hundred dollars, ten per centum. Upon an additional sum, not exceeding four hundred dollars, five per centum. Upon an additional sum, not exceeding one thousand dollars, two per centum."

The method of arriving at such allowance is prescribed by the last sentence of section 3262, as follows:

" * * * The allowance, specified in section 3252 of this act, must be computed by the clerk upon the taxation, but the value of the property required to be ascertained for that purpose must be ascertained by the court unless it has been fixed by the decision or report, or by the verdict of the jury, upon which the final judgment is entered, except that, in case of actual partition, it must be determined by the commissioners."

The theory of the defendants, and apparently the theory on which the clerk refused to tax the allowance, is that the "property" referred to in the above-quoted sections is the tangible real estate to which the claim determined relates, and that, as the value of such tangible real estate was neither fixed by the decision or otherwise ascertained by the court, there was no basis for any action on the part of the clerk. This theory, in my opinion, is erroneous. Omitting from section 3252, above quoted, the portions not relevant to such a case as this, we have remaining the following:

"Where the action is brought * * * to compel the determination of a claim to real property, * * * the plaintiff, if a final judgment is rendered in his favor, and he recovers costs, is entitled to recover, in addition to the costs prescribed in the last section, the following percentages, to be estimated upon * * * the value of the property * * * the claim to which is determined."

The question is whether the "property * * * the claim to which is determined" means the real estate itself, or, if only an easement is claimed as here, whether it means such easement. So far as the grammatical construction is concerned, the words might have either meaning. So far, also, as concerns the legal definition of easement, they might have either meaning. An easement passes by deed, and is classified as real estate (Slingerland v. Internat. Cont. Co., 43 App. Div. 215, 60 N. Y. Supp. 12; 3 Kent's Com. 401, 419, 427; Jones v. Met. El. R. R. [Super. N. Y.] 14 N. Y. Supp. 632; Saunders v. N. Y. C. & H. R. R. R., 144 N. Y. 75, 87, 38 N. E. 992, 26 L. R. A. 378, 43 Am. St. Rep. 729), and by the express terms of the statute may be held and enjoyed in fee and is a freehold estate (Nellis v. Munson et al., 108 N. Y. 453, 460, 15 N. E. 739). It is therefore entirely natural that it should be embraced, if the Legislature so saw fit, within the word "property," as used in the section above quoted.

Treating the language used, then, as proper subject for construction, it being apparent that either corporeal property alone, or corporeal or incorporeal, as the case might be, might have been intended by the

Legislature, I am of the opinion that the latter was the intention. In the first place, strictly speaking, the property which was claimed and the claim to which was determined was not the tangible real estate, but an interest in it, a particular easement. In the next place, it would not be in accordance with the general legislative policy with respect to allowances, as exemplified in other portions of the Code of Civil Procedure, to base this kind of allowance on the value of the entire fee of the land in question, when only a small fraction of such value might in fact be involved, but rather to limit it to the value of the particular easement claimed. My conclusion is that the property intended by section 3252 of the Code of Civil Procedure was in this case the easement claimed; and, as the value of such easement was found by the decision, the clerk should have taxed the item under the provisions of section 3262 above quoted.

Motion granted, with $10 costs.